IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| G. MARK JENKINS, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:02-CV-1823-M |
| v. | § | |
| | § | |
| METHODIST HOSPITALS OF DALLAS | § | |
| INC., HOWARD CHASE, KIM HOLLON, | § | |
| JOHN HAUPERT, JACK BARNETT, | § | |
| KELLY WOLFE, and TIM MEEKS, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

**MEMORANDUM OPINION AND ORDER**

The Court has had under advisement Defendants' Motion to recover attorneys fees from

Plaintiff G. Mark Jenkins, M.D.  The Court conducted a hearing in the matter on June 20, 2005,

but did not rule pending appeal.  The appeal was finally resolved in Defendants' favor.  The

Court sent the matter to mediation, but that did not resolve the dispute, so the issue is now before

the Court.  The Defendants seek attorneys fees under the Health Care Quality Immunity Act

(HCQIA), the Texas Medical Practices Act (TMPA) and 42 U.S.C. § 1988(b).  The former two

statutes immunize the Defendants for actions related to a professional peer review process.

The Court notes that under the HCQIA, such fees are to be awarded when (1) the statute's

standards of immunity were met; (2) defendants substantially prevailed; and (3) the plaintiff's

claim or conduct during the litigation was frivolous, unreasonable, without foundation or in bad

faith.  The first two factors clearly exist here.  The third is disputed.  Under the TMPA and 42

U.S.C. § 1988(b), the Court has discretion to award such fees if the claim is frivolous, unreasonable or without foundation.

Defendants seeks to recover $335,000, which is a discount from the full attorney fees their proof shows were incurred.

The Court cannot conclude based on the law, and all of the evidence before it, that the Plaintiff's overall litigation conduct was frivolous, unreasonable, without foundation or in bad faith; however, the Court concludes that the claims described below were unreasonable and without foundation, and that a portion of the fees incurred are attributable to such claims and should be awarded in favor of Defendants.

**Claims against individual Defendants Meeks, Haupert, Hollan, and Chase.**  The Court found that the individual Defendants were immune under the TMPA or, in the case of Meeks, because the Plaintiff presented no factual basis for the claims against Meeks.

**Claims for race discrimination in employment, declaratory judgment, intentional infliction of emotional distress, common law conspiracy and under 42 U.S.C. § 1985.**  These claims were all dismissed at the summary judgment hearing either because they were voluntarily withdrawn by the Plaintiff, were dismissed because there was no response by the Plaintiff to the summary judgment motion on such claims, or because the Plaintiff had no evidence to support such claims.

**Breach of contract.**  The Court found this claim completely untenable under Texas law.

**Texas Free Enterprise and Antitrust Act.**  Plaintiff had no proof of an agreement among the Defendants to prevent him from obtaining privileges at St. Paul Hospital.

Although the other claims were ultimately dismissed, and the dismissal of the case was affirmed by the Fifth Circuit, the Court concludes that the statutory requirements of frivolity,

unreasonableness, lack of foundation and bad faith were not established as to the remaining

claims.

Although the law is not completely clear, the Court is of the view that it can award fees

based on its determination that many of the claims were without foundation, although not all of

them were.  The Court therefore concludes that one third of the fees incurred by the Defendants

were attributable to claims asserted as to which Plaintiff's positions were unreasonable and

without foundation.  The fees awarded are reasonable and necessary under *Watkins v. Fordice*, 7

F.3d 453 (5th Cir. 1993) and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.

1974).

The Court therefore **GRANTS** Defendants' Motion in part.  The Court will award

Defendants a reasonable and necessary attorneys fee of $112,000.

**SO ORDERED** this 31st day of August, 2009.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**